O’NIELL, Chief Justice
 

 (dissenting).
 

 The only question in this case is whether the plaintiffs’ allegation, that the writing
 
 *272
 
 done by Hiss Tallieu on tbe ten pages of paper was not intended to be her last will and testament, and therefore was not her last will and testament, sets forth a cause of action. The proposition on which the plaintiffs rely, that a writing in the form of a will is not a will if it was not intended to be a will, is too trite to need citation of authority. Hence, if the plaintiffs can prove, as they allege, that this writing, which the notary public found, on the first ten pages of a writing tablet, was not intended by Hiss Tallieu to be her last, will and testament, • the writing should not be admitted to probate as the last will and testament of Hiss Tallieu.
 

 The dismissal of this suit on an exception of no cause of action may be construed as prejudging the whole case, and as foreclosing the issue which the plaintiffs tender, without allowing them a hearing on the facts of the case. The allegation in which the plaintiffs state their cause of action is “that the said document is not a will, and was not intended to be the last will and testament of the deceased, Hary Ann Tallieu.” In amplification of this allegation, the plaintiffs add: “As will be shown by the fact that she has defaced the same on each page, in such a way as to show clearly that she did not intend the said document to be her last will and testament.” But this allegation, that Hiss Tallieu defaced the writing on each page in such a way as to show clearly that she did not intend the writing to be her last will and testament, is not the allegation of fact which sets forth the cause of action, but is merely an allegation made in support of the fact which is the cause of action; that is, that Hiss Tallieu did not intend the writing to be her last will and testament. The plaintiffs say in their brief that they can produce ample testimonial proof that Hiss Tallieu did not intend this writing to be her last will and testament, but merely wrote on the tablet a memorandum of what bequests she might see fit to make in her last will and testament. The plaintiffs were not obliged to set'forth in their petition the evidence on which they intended to prove that the writing in question was not intended by Hiss Tallieu to be her last will and testament. Their allegation that Hiss Tallieu’s intention, in that respect, was shown by the way in which she defaced the writing on each page of the tablet should not preclude the offering of additional evidence of the fact alleged, as to Hiss Tallieu’s intention.
 

 I respectfully submit, therefore, that the error in the prevailing opinion in this case is in the statement:
 

 “The one and only plea, as far as the petition discloses, on which the attack on the document presented is based, is that the person who prepared and signed it herself defaced it on each page in such manner as to indicate her intention that that document was not to be her last will and testament.”
 

 The signers of the prevailing opinion in this case pretermit the only question in the case; id est, whether the writing in question was intended by Hiss Tallieu to be her last will and testament. It is said in the prevailing opinion:
 

 “The intention of the testatrix to make this document serve' as her last will and testament, having been so positively expressed by her, the question which arises then is: Are the marks, or defacements, as they are referred
 
 *274
 
 to in the petition, sufficient to indicate a change of mind or intention on her part? In other words, are these marks and erasures important enough to strike the document with nullity
 
 when considered as a will,
 
 or do they evoke an intention to revoke the will,
 
 granting that the document was intended to serve as a will?”
 
 (The italics are mine.)
 

 Of course, if we disregard the allegation that this writing on the tablet was not intended by Miss Tallieu to be her last will and testament, and if we accept as true the
 
 formal
 
 statement in the writing that it was intended to be her last will and testament, and if we indulge in the “granting that the document was intended to serve as a will,” that is the end of the case, as to that issue. But that is merely a pretermitting of the question which the plaintiffs have tendered for decision.
 

 Although I do not subscribe to the idea that the plaintiffs’ pleadings are such that the case must be decided on the face of the papers, I must say that the very appearance of the writing on these ten sheets of paper leaves a strong impression that the writer did not intend the writing to be the finished product of her last will and testament. The writing seems to be merely a memorandum of the writer’s contemplations, meditations, and changes of mind from time to time, in preparation for the making of a will. The disconnected scribblings cover only parts of the first 10 pages of an 80-page writing tablet; the remaining 70 pages being unused. That fact of itself is a strong indication that the writer was merely practicing, so to speak, with a form which some one had furnished her, and with no idea that a court of justice might regard her scribblings as her way of solemnly and finally expressing her last will. I respectfully submit that the signers of the prevailing opinion in this case attach too much importance to the formal and technically correct language which Miss Tallieu used in the beginning and at the end of her scribbling. She begins her pencil memorandum thus: “I Mary Ann Tallieu do hereby make this my last will and testament. Having never married I have [‘having’ is written over T have’] no forced heirs and in full possession of my faculties I desire all debts [the word ‘debts’ is written over ‘bills’J incurred through [the word ‘through’ is written over ‘by’] illness funeral expanses (to Mr. Bultman according to my instructions sealing up of • — -- place. One hundred dollars 50.” That is the end of the first page, and beginning at the top of the other side of that page the writing continues: “To Metarie Cemetery for perpetual care and legal proceedings.” That is all that there is on that page. The second page contains a new beginning, thus: “New Orleans, La., June 9th, 1926. I have never married, have no forced heirs and am in full possession of all my faculties I do solemnly declare that this is my last will and testament.” All of that, however, except the date, is stricken out by circular strokes of the pencil. Then begins another paragraph on that page, thus: “I bequeath to Mrs. Elizabeth Tallieu Mestemaker one thousand dollars, to Mrs. Phoebe Tallieu Orary one thousand dollars.” Then follows a paragraph which is illegible, and is stricken out by the circular strokes of the pencil. The third page begins thus: “To the Home for Incurables one thousand [the words ‘one thousand’ are written over ‘Five hundred’]. To the Society Prevention of Cruelty to Animals Two [the
 
 *276
 
 word ‘Two’ seems to be written over ‘one’J thousand dollars.” Then comes the legacy which is. claimed by the party who filed the exception of no cause of action in this case, every word of which legacy is carefully stricken out by pencil lines drawn across the page, viz.: “$500 to Westminster Church, U. S. A. I wish a box of concrete made in my burial place to put my coffin in, also to have in [meaning ‘it’] sealed according to instructions in my bank box. The sum of Two [the word is written over ‘one’] hundred [‘& 50’ is interlined here] dollars to be given to the Metarie Cemetery for the care of my coping.” That is also stricken out and is the end of the page. On the next page is a direction for the conducting of the funeral, which is stricken out, and a direction that the expenses of last illness are to be paid by the executor, which is not stricken out, and then follows the residuary legacy, which is thoroughly stricken out, viz.: “Whatever is left of my estate I bequeath to the Saint Charles Avenue Presbyterian Church for the purpose of paying or helping to pay what they owe to the First Presbyterian Church, Lafayette Square.” Then follows a paragraph of formal expression, thus: “This is my last will and testament entirely written dated and signed by me on the ninth day of June in the year of our Lord nineteen hundred and twenty-six in the city of New Orleans, State of Louisiana, United States of America. I appoint Mr. Guy W. Lyman [the name ‘Mr. Guy Van W.’ is stricken out, and the name ‘Lyman’ is interlined above it] executor of my estate [the words ‘with full seizen’ are written over the words ‘of my estate’] and without bond.” That is the end of that page. At the top of the next page the name Guy Van W. Lyman is again written and again stricken out. Then follows the bequest: “I leave my piano to the Seventh Street Protestant Home.” That is not stricken out. Then follows the significant statement: "My parlor set to some institution that would need it.” The words “some institution” are stricken out, and the words “Gentilly feeble minded” are interlined above, and are also stricken out. Then comes the significant statement: “My clothes to the Alms House or Shakespeare Home — Books to the Seaman’s Bethel [the name ‘Marine Hospital’ is written over ‘Seaman’s Bethel’] — My furniture to he given some charitable institution.” On the next following two pages are bequests of articles of jewelry to different persons, with the names of the legatees stricken out and other names substituted. The writing on the eighth page is not completed, and does not fill the page. The ninth page contains only the signature and date, thus:
 

 “Mary Ann Tallieu
 

 “June ninth 1926
 

 “Signed by me
 

 “Mary Ann Tallieu.”
 

 At the top of the tenth page is the word “codicil,” and there is nothing else on that page or on the remaining 70 pages.
 

 I do not see how any one can doubt that Miss Tallieu did not intend that these scribblings themselves should be her last will and testament. For that reason, I do not consider the prevailing opinion on the subject of
 
 the revocation of
 
 testaments as being at all important. The decision in Succession of Muh, 35 La. Ann. 394, 48 Am. Rep. 242, therefore, is not appropriate to the facts of this case.
 
 *278
 
 But the broad principio on which that case was decided is appropriate here; that is to say, that an instrument is not a last will and testament, no matter how complete arid correct
 
 its form may be, if
 
 the writer did not intend that it should stand as his last will and testament.
 

 Of course, if the prevailing opinion in this case is founded, as I understand it is founded, upon the want of a sufficient allegation that the writing in question was not intended by Miss Tallieu to be her last will and testament, no great harm will be done, because the plaintiffs may renew their suit by alleging, unqualifiedly, that Miss Ta'llieu did not intend the writing to be her last will and testament. But, if the decision in this case is construed to mean that any document entirely written, dated, and signed by the party deceased, and purporting to be his or her last will and testament, must prevail as his or her last will and testment, even though it was not intended by the writer to be his or her last will and testament, then I say, with great respect, that this decision will be harmful.